

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-2006

# Rodriquez-Vera v. Johns

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2651

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rodriquez-Vera v. Johns" (2006). *2006 Decisions*. Paper 556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2651
_____

MOISES RODRIQUEZ-VERA

v.

TRACY W. JOHNS, Warden

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00042)
District Judge:  Honorable Kim R. Gibson

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 25, 2005

BEFORE: ALITO, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>[*]

(Filed:  August 25, 2006  )
_____

OPINION
_____

PER CURIAM

_____

[*]At the time this matter was submitted to the Court Judge, now Justice, Alito was a member of the panel.  As Justice Alito has been elevated to the Supreme Court of the United States, the opinion is filed by a quorum of the panel.  28 U.S.C. §46(d).

Moises Rodriquez-Vera ("Rodriquez") appeals from the District Court's order dismissing his petition for a writ of habeas corpus. Because Rodriquez's appeal presents no substantial question, we will summarily affirm.

Rodriquez is a federal prisoner incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. On January 9, 2002, the United States District Court for the Middle District of North Carolina sentenced Rodriquez to 87 months in prison following his guilty plea for possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking offense. The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Rodriguez-Vera, No. 02-4738, 2003 WL 22795484 (4th Cir. Nov. 20, 2003).

In February 2004, Rodriquez filed the current habeas corpus petition under 28 U.S.C. § 2241 in the Western District of Pennsylvania. In his petition, Rodriquez attempts to challenge his conviction and sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). He also alleges that counsel rendered ineffective assistance by advising him to plead guilty without informing him of the consequences. The Magistrate Judge to whom the petition was referred concluded that Rodriquez could not proceed under § 2241. The Magistrate Judge advised Rodriquez that his available remedy was a motion to vacate his sentence filed in the sentencing court under 28 U.S.C. § 2255. The District Court adopted the Magistrate Judge's report and recommendation without further elaboration, and dismissed the petition. Rodriquez appeals. He also moves for leave to

file a supplemental memorandum in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. <u>See</u> 28 U.S.C. § 2255; <u>In re Dorsainvil</u>, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because the petitioner is unable to meet certain procedural requirements, such as the one-year period of limitation or the stringent gatekeeping requirements for filing a second or successive § 2255 motion. <u>Id.</u> at 539.

Specifically, we considered in <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002), whether § 2255 is inadequate or ineffective for a federal prisoner to challenge his sentence under <u>Apprendi</u>. <u>See</u> <u>Okereke</u>, 307 F.3d at 120-21. We explained that <u>Dorsainvil</u> was the "rare situation" in which an intervening change in law made the crime for which Dorsainvil had been convicted "non-criminal." <u>Id.</u> at 120. Because <u>Apprendi</u> dealt with sentencing and did not render a conspiracy to import heroin "not criminal," we

3

concluded that § 2255 is not inadequate or ineffective to raise an <u>Apprendi</u> argument. <u>Id.</u> at 120-21.

While Rodriquez's appeal has been pending, the Supreme Court has issued two landmark decisions applying the rule of <u>Apprendi</u>. The first is <u>Blakely</u>, decided June 24, 2004, on which Rodriquez relies in his request for leave to file a supplemental memorandum. The other is <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), decided January 12, 2005, which applies <u>Blakely</u> and reaffirms <u>Apprendi</u> in the context of the Federal Sentencing Guidelines. While we have yet to explicate the meanings of <u>Booker</u> and <u>Blakely</u> in the context of postconviction remedies, there is no substantial question that our decision in <u>Okereke</u> remains intact. Because nothing in <u>Booker</u> or <u>Blakely</u> undermines our conclusion or reasoning in <u>Okereke</u>, we are convinced that § 2255 remains an available remedy for pursuing such claims.

For these reasons, we conclude that Rodriquez's appeal presents us with no substantial question. <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's order dismissing Rodriquez's habeas corpus petition. His motion for leave to file a supplemental brief based on <u>Blakely</u> is denied.